# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TINA M. DIXON, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:16-cv-0566 |
| | ) JUDGE CRENSHAW |
| TRINITY MINTER, Warden, | ) |
| Respondent. | ) |

## M E M O R A N D U M

The Petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 against Trinity Minter, Warden of the Mark Luttrell Correctional Center in Memphis, seeking a writ of habeas corpus.

### I. Background

Following a bifurcated trial, a Humphreys County jury found the Petitioner guilty of possession of more than a half (½) ounce of marijuana with the intent to sell and/or deliver within 1000 feet of a school zone and possession of more than a half (½) gram of cocaine with the intent to sell and/or deliver within 1000 feet of a school zone. Doc. No. 2 at pg. 15.[1] For these crimes, she received an aggregate sentence of twenty (20) years in prison. Doc. No. 20-6 at pgs. 27-28.

---

[1] The jury first found the Petitioner guilty of illegally possessing 13 grams of cocaine and 38.3 grams of marijuana. Doc. No. 20-4 at pgs. 161-163. The jury then found that the possession of these illegal drugs with the intent to sell or deliver occurred within 1000 feet of a school zone. Doc. No. 20-5 at pg. 28.

1

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Doc. No. 20-10. The Tennessee Supreme Court later denied the Petitioner's Rule 11 application for further review. Doc. No. 20-13.

In February, 2013, the Petitioner filed a *pro se* petition for state post-conviction relief in the Circuit Court of Humphreys County. Doc. No. 20-14 at pgs. 4-8. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the Petitioner post-conviction relief. *Id.* at pgs. 45-48. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Doc. No. 20-19. Once again, the Tennessee Supreme Court denied Petitioner's Rule 11 application for additional review. Doc. No. 20-22.

## II. Procedural History

On March 14, 2016, the Petitioner initiated this action with the filing of a Petition (Doc. No. 1) for writ of habeas corpus. The Petition consists of four claims for relief. These claims include:

1) the trial judge and prosecutor used "privileged and inadmissible information" to enhance Petitioner's sentence; at pg. 5,

2) the Petitioner's motion to suppress should have been granted because the attachment warrant on which Petitioner's arrest was based was facially invalid; at pg. 6,

3) the trial judge erred in denying Petitioner's motion to set aside verdict for uncharged crimes; at pg. 7, and

4) the Petitioner was denied the effective assistance of counsel because her attorneys failed "to openly and honestly communicate the state's plea offer." at pg. 9.[2]

---

[2] At trial, the Petitioner was represented by Kenneth Dale Quillen and Michael Flanagan, both members of the Davidson County Bar.

Upon its receipt, the Court reviewed the Petition and determined that the Petitioner had stated a colorable claim for relief. Rule 4, Rules - - - § 2254 Cases. Accordingly, the Respondent was directed to file an answer, plead or otherwise respond to the Petition. Doc. No. 10.

Presently before the Court is the Respondent's Answer (Doc. No. 21), to which the Petitioner has offered no reply. Having carefully considered the Petition, Respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the Petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Procedurally Defaulted Claim**

A federal district court will not entertain a petition for writ of habeas corpus unless the Petitioner has first exhausted all available state court remedies for each claim in her petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the Petitioner is required to fairly present her claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The Petitioner must offer the state courts both the factual and legal bases for her claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the Petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that

3

all the facts necessary to support a federal claim were before the court or that the Petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once Petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

The Petitioner alleges that the trial judge and prosecutor used "privileged and inadmissible information" to enhance her sentence (Claim No. 1). More specifically, the Petitioner asserts that, in previous criminal proceedings, the trial judge was her prosecutor and her current prosecutor represented the Petitioner. She contends that this made the trial judge and prosecutor privy to information that they might not otherwise been aware of.

This claim was presented to the state courts on direct appeal as a violation of due process under the Tennessee Constitution rather than as a perceived error of federal law. Doc. No. 20-8 at pgs. 16-17. As a consequence, this issue has not yet been fully exhausted as a federal constitutional claim.

Unfortunately, at this late date, the Petitioner is no longer able to re-litigate this issue as a

---

[3] In Tennessee, a Petitioner need only take her claims as far as the Tennessee Court of Criminal Appeals in order to fully exhaust her available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

federal constitutional claim in the state courts. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the Petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas Petitioner to federal review of that claim. To prevent a federal habeas Petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a Petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas Petitioner cannot rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, she must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the Petitioner must show that an objective factor external to the defense interfered with her ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The prejudice element requires the Petitioner to show not merely that the error at trial created a possibility of prejudice, but that it worked to her actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *Id.* at 477 U.S. 494. Even in the absence of cause and prejudice, though, a procedurally defaulted claim can still be reviewed if the failure to do so would result in a fundamental miscarriage of

5

justice, Coleman v. Thompson, 501 U.S. 722, 750 (1991), i.e., the conviction of one who is actually innocent. Gibbs v. United States, 655 F.3d 473, 477 (6th Cir. 2011).

The Petitioner has offered no factual allegations suggesting both cause and prejudice sufficient to excuse her procedural default of this claim. Therefore, this claim will not support an award of habeas relief.

**B.) Fully Exhausted Claims**

The Petitioner's remaining claims assert error in denying her motion to suppress (Claim No. 2), failure to grant her motion to set aside verdict (Claim No. 3), and the ineffectiveness of counsel (Claim No. 4). These claims were considered by the state courts on the merits and have been fully exhausted on either direct appeal or during post-conviction proceedings.

The availability of federal habeas corpus relief is limited with regard to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the Petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529

U.S. 362, 412-13 (2000). In short, the Petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

**1.) Motion to Suppress**

The Petitioner was summoned to appear in Juvenile Court with proof of income and disability in a child support matter. When she failed to appear, the Juvenile Court judge issued an attachment warrant directing her arrest. Doc. No. 20-2 at pg. 4. When officers appeared at her residence to serve the warrant and take the Petitioner into custody, they noticed the strong odor of marijuana in the house. Doc. No. 20-4 at pg. 28. Upon questioning, the Petitioner denied any knowledge of marijuana in the house and refused to give the officers permission to search the premises. *Id.* at pgs. 31-32.

At Petitioner's request, though, the Sheriff of Humphreys County (Chris Davis) arrived on the scene and spoke with her. Petitioner then agreed to a search of the premises and signed a consent form. Doc. No. 20-2 at pg. 8. During the search, the Petitioner told the officers that there were drugs in her room. Doc. No. 20-4 at pg. 36. She led them to a small cardboard box containing what appeared to be marijuana and a white powdery substance, along with a set of digital scales and some plastic bags. *Id.* at pg. 37. The substances recovered from the box proved to be 13 grams of cocaine and 38.3 grams of marijuana. *Id.* at pgs. 120-121.

Counsel for the Petitioner filed a motion to suppress evidence of the drugs found during the search. Doc. No. 20-1 at pgs. 8-9. The trial judge conducted a suppression hearing and denied the motion, Doc. No. 20-3, finding that the officers were lawfully on the premises and that they

had obtained appropriate permission to search. Doc. No. 20-1 at pgs. 10-11. On appeal, the Tennessee Court of Criminal Appeals affirmed this ruling. Doc. No. 20-10 at pgs. 6-7. The Petitioner contends that the attachment warrant failed to reflect a finding that her failure to appear had been willful, thus rendering the warrant invalid and the subsequent search of the premises illegal. Doc. No. 2 at pg. 4.

The appellate court determined that the attachment warrant had been properly issued pursuant to state law. Doc. No. 20-10 at pg. 7. This Court is bound by a state court's interpretation of state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Thus, the officers did not violate the Petitioner's rights by being on the premises. Moreover, the Petitioner, as well as the owner of the premises, had given the officers permission to search the premises. Therefore, the state courts' rejection of this claim was not contrary to federal law.

**2.) Motion to Set Aside Verdict for Uncharged Crimes**

In the indictment, the Petitioner was charged with possession with intent to sell and/or deliver (1) more than half an ounce of marijuana, and (2) more than half a gram of cocaine, within 1000 feet of a school zone. Doc. No. 20-1 at pg. 4. When the verdict was announced, however, the foreman of the jury stated simply that the Petitioner had been found guilty of "selling and delivering" the drugs, rather than "possession with intent". Doc. No. 20-4 at pgs. 161-162.

The Petitioner later moved the court to set aside the verdict, claiming that a fatal variance existed between the verdict and the indictment because the act of possession with intent was not mentioned in the verdict. *Id.* at pgs. 174-175. Petitioner's motion to set aside the verdict was denied. *Id.* at pg. 176.

After the jury had been polled to insure that the verdict reached during the first part of the

8

trial was unanimous, the judge stated that the jury had determined "that the defendant is guilty as charged in the indictment." *Id.* at pg. 163. This observation drew no contemporaneous objection from the defense. Nor did any juror express disagreement or confusion over the statement. The appellate court agreed that the verdict was guilty as charged in the indictment. Doc. No. 20-10 at pg. 8. The facts as developed at the trial support this conclusion. Therefore, the Court finds no merit in this claim.

**3.) Ineffective Assistance of Counsel**

Finally, the Petitioner alleges that counsel were ineffective for failing "to openly and honestly communicate the state's plea offer." (Claim No. 4).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the Petitioner bears the burden of pleading and proving that his attorneys'' performance was in some way deficient *and* that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). A deficiency occurs when counsel has acted in a way that falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Prejudice arises when there is a reasonable probability that, but for counsels' errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694.

Where the issue is one of ineffective assistance, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential", Cullen v. Pinholster, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, *supra* at 466

U.S. 690.

At the post-conviction evidentiary hearing, the Petitioner produced an Affidavit from the prosecutor which states that she did convey an offer of settlement to Petitioner's counsel in advance of the trial. Doc. No. 20-16 at pg. 31. The Petitioner testified that she never spoke with her attorneys about this offer. Doc. No. 20-15 at pg. 54. One of Petitioner's attorneys (Dale Quillen) acknowledged that a settlement offer had been made but that he did not remember conveying the offer to his client. *Id.* at pg. 23. The other attorney (Michael Flanagan) recalled "there being some discussion about a plea offer but I'm not exactly sure what the nature of it was...... I don't think that I ever discussed a plea offer with Ms. Dixon." *Id.* at pgs. 38-39.

The evidence at the post-conviction evidentiary hearing, therefore, suggests that it is more likely than not that a plea offer had been made but that the offer was never discussed with the Petitioner.[4] Counsels'' failure to notify their client of a plea offer constitutes deficient performance, thus satisfying the first prong of a Strickland analysis. Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003). A finding of ineffectiveness, however, also requires a showing of prejudice. Strickland, *supra.* Prejudice within the context of a plea offer arises if the loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence. Lafler v. Cooper, 132 S.Ct. 1376, 1387 (2012).

There is nothing in the record regarding the content of the plea offer made by the

---

[4] The evidence, though, does not completely support this conclusion. In Petitioner's Motion for New Trial, counsel stated that "The defendant was penalized via a superceding indictment for her failure to enter a plea of guilty to the original indictment and her failure to cooperate as an informant with law enforcement." Doc. No. 20-1 at pgs. 45-46. From this, one could infer that the Petitioner had been offered a plea settlement but that she rejected the settlement and chose, instead, to go to trial.

prosecution. The Court, therefore, is unable to ascertain whether the loss of this plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence. The state appellate court determined that the Petitioner had failed to make a showing of prejudice sufficient to establish ineffective assistance of counsel. Doc. No. 20-19 at pg. 5. This finding is consistent with the record and is not contrary to federal law. Given the deference accorded the findings of the state courts, this Court is obliged to adopt that finding and hold that this claim has no merit.

## IV. CONCLUSION

The Petitioner's first claim was never properly exhausted in the state courts. The procedural default of the state remedies for this claim is unexcused. As a consequence, Claim No. 1 is insufficient to support an award of habeas corpus relief.

The state courts determined that the Petitioner's fully exhausted claims lacked merit (Claim Nos. 2-4). The record supports these findings. The petitioner has failed to rebut the presumption of correctness accorded to the findings of fact made by the state courts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has he shown in what way the legal conclusions made by the state courts with respect to his exhausted claims are either contrary to or an unreasonable application of federal law. Accordingly, these claims have no merit.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE